Priority _____
Send      X
Enter     _____
Closed    _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN DENTAL ASSOCIATION, | CASE NO. CV 02-03853 RSWL (RZx) |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL |
| SHAWN KHORRAMI, ETC., | |
| Defendant. | |

This matter came before the Court on October 3, 2005, on the motion of Defendant Shawn Khorrami to compel production of documents and answers to interrogatories. Plaintiff appeared through its counsel Melvin Avanzado. Defendant, himself an attorney, appeared *in propria persona*. The Court heard argument of counsel and took the matter under submission.

The discovery at issue consists of a series of requests for production of documents and six interrogatories. The underlying suit is one for defamation, brought by the American Dental Association against Plaintiff for several statements Plaintiff allegedly made on his web-site. Plaintiff has raised three objections to the discovery. It asserts that the discovery is untimely. It asserts that the discovery is overbroad and burdensome. It asserts that the discovery is not relevant to the issues framed by the pleadings. Neither party has addressed these objections with respect to specific requests; that is, neither party

1 argues in the Joint Stipulation whether a particular request would be burdensome or
2 irrelevant; rather, the Joint Stipulation merely repeats the formulaic argument with respect
3 to each discovery request.

4        The Court does not agree that the discovery requests are untimely. Upon the
5 stipulation of the parties, the District Judge extended the previously-set discovery cut-off
6 to June 29, 2005. (Joint Stipulation, Khorrami Decl., Ex. E.)   The discovery here was
7 served on April 22, 2005.  The Court rejects Plaintiff's argument that the only thing
8 extended was the time for Plaintiff to take some depositions. The Order does not say that;
9 indeed, the Order refers to *both* an extension of the discovery cut-off date *and* the deadline
10 for taking depositions.  Had the parties desired to seek a more limited extension, one
11 directed only at the taking of the depositions, they could have done so and, presumably,
12 the order they would have presented likewise would have been much more narrow.

13        The Court also cannot conclude, on a wholesale basis, that the discovery lacks
14 relevance. Relevance means relevance to the claims or defenses asserted. FED. R. CIV. P.
15 26. The discovery essentially seeks, in one form or another, information the ADA might
16 have concerning the safety of dental amalgam. The ADA claims that Khorrami defamed
17 it by asserting that the ADA had acted to conceal the dangers associated with dental
18 amalgam, and that the ADA had a vested economic interest in such activity.  Discovery
19 which could show that the ADA possessed information questioning the safety of dental
20 amalgam could bear on the issues, because truth is a defense to defamation, and Defendant
21 has asserted such a defense in his Answer.

22        The real problem posed by the discovery is its burdensomeness. Khorrami
23 seeks documents through more than thirty requests for production of documents, which
24 are breathtaking in their scope.  Production Request No. 4, for example, seeks all
25 documents "dating back to the inception of the ADA [*i.e.*, 1859] to the present date" which
26 "in any way" "relates, refers to, evidences or concerns" not only the safety of dental
27 amalgam, but also — or, as the Request says, "and/or" — the safety of any constituent
28 component of dental amalgam. Production Request No. 5 seeks documents constituting

1  all communications, from the inception of the ADA to the present, which also, in any way,

2  relate to, refer to, evidence or concern the safety of dental implants or their constituent

3  components; the communications are those between the ADA, any subsidiary or charitable

4  corporation, any officers, directors, agents, employees *or members,* and thus presumably

5  even includes any dentist who ever has been a member of the organization.  Request No.

6  29 seeks any and all scientific studies which the ADA contends affirmatively prove that

7  dental amalgams are safe.

8          In a declaration submitted in opposition to the motion, Brent D. Hanfling, a

9  senior staff attorney for the ADA, chronicled the undertaking required to respond to the

10  request for production of documents.  Mr. Hanfling stated that it would take at least 250

11  man hours to search through the files of a single division of the ADA, with similarly time-

12  consuming searches being necessary in at least six divisions.  He also estimated that it

13  would take between 200 and 350 man hours to review various minutes and agendas, and

14  additional time to search through journals.  Plaintiff, the moving party, did not challenge

15  Mr. Hanfling's estimates.

16          The burden is even greater given the stage at which the discovery was

17  propounded.  This case was filed in 2002.  While there were some preliminary skirmishes

18  during which, perhaps, it was reasonable not to conduct discovery, those skirmishes long

19  since have been resolved.  A trial date has been set for January 24, 2006 and a pretrial

20  conference date of December 5, 2005 has been established; expert discovery is coming due

21  under the rules.  In short, according to the scheduling order, the case is well on its way to

22  conclusion.  And the moving party offered no basis for any kind of narrowing of the

23  requests. The Court's Local Rule 37-2.1 requires that the parties, when they meet prior to

24  the hearing, attempt to find a solution, and that the Joint Stipulation reveal the compromise

25  offers made by each person.  Some potential compromises appear possible; some requests

26  seek documents which, perhaps would not be as burdensome to search for, or perhaps the

27  time periods could have been delimited.   But Defendant made no such offers at

28  compromise.  For its part, Plaintiff at least made a grudging, although fairly insignificant,

1    offer — to turn over documents it intended to use at trial.  The Court will not craft

2    compromises which the parties themselves did not undertake to explore.

3              This Court did not issue the scheduling order, and such an order may be

4    modified only by the judicial officer who issued it.  L.R.16-13.  Moreover, such an order

5    may be issued only upon a showing of good cause, which requires the applicant to

6    demonstrate that, despite having been diligent, he nevertheless cannot meet court

7    deadlines.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

8    Defendant states that his prior counsel conducted no discovery, and presumably this fact

9    was one reason that Defendant at least wanted the original discovery cut-off date extended.

10   Even then, however, Defendant waited nearly a month before serving any discovery —

11   notwithstanding that, at oral argument, he stated that he had suggested these discovery

12   requests to his counsel approximately a year earlier.  But whether or not the scheduling

13   order were to be modified, the burden imposed by the discovery requests, in their present

14   form, is immense.

15             The interrogatories pose a slightly different problem from some, but not all

16   of the document requests, but they too impose an unacceptable burden on Plaintiff.  They

17   ask for Plaintiff to identify all studies of one sort or another which Plaintiff contends

18   "affirmatively prove" its contention that dental amalgams are safe, or pose no risk to the

19   health of various categories of patients.  The burden which such interrogatories impose on

20   an answering party is like that which exists when one party asks another to identify "all

21   facts" in support of a denial.  As the Court held in *Safeco of America v. Rawstron*, 181

22   F.R.D. 441, 448 (C.D. Cal. 1998), this is an impermissible burden:

23

24                  One court has aptly described the problem presented by

25                  interrogatories of the type served by defendants, which purport

26                  to require a party to specify all facts, documents, and witnesses

27                  that support the denial of a statement or allegation of fact.  As

28

-4-

1     it explained in holding that such interrogatories placed an

2     unreasonable burden on the responding party:

3          "Part of that burden arises in this case by the

4     characteristic common to these interrogatories for asking

5     defendant to provide 'all' facts in support of its denials of

6     allegations pled by plaintiff. To state 'all' facts in support of a

7     negative proposition, of course, includes an inventory of

8     evidence which defendant itself would offer at trial to refute the

9     claims of plaintiff. Beyond that, however, it would further

10    require defendant to provide essentially a review of facts and

11    commentary to support its evaluation, if any, that the anticipated

12    evidence of plaintiff as to each disputed paragraph of the

13    complaint simply lacks weight or credibility. The request for

14    'all' facts, based not only upon knowledge, but also upon simply

15    information and belief, adds a significant and reasonable burden

16    to the task of the answering party." *Lawrence v. First Kansas*

17    *Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan. 1996).

18

19 *Safeco*, 181 F.R.D. at 448. Although Defendant's interrogatories here seek all studies,

20 rather than all facts, the burden is similar. Truth is a defense to a defamation action, and

21 Defendant asserted it as one of his affirmative defenses; thus, the interrogatories seek to

22 have Plaintiff search for and determine all studies which rebut Defendant's affirmative

23 defense. To do so requires Plaintiff to sift through much material, make its determination,

24 ///

25 ///

26 ///

27 ///

28 ///

1    and share its work product with Defendant, on an issue that Plaintiff pleaded as an

2    affirmative defense.  This is not a burden which the law imposes upon Plaintiff.

3              In accordance with the foregoing, Defendant's Motion to Compel is DENIED.

4    IT IS SO ORDERED.

5

6    DATED:   October  7 , 2005

7

8

9                                              _____

10                                              /RALPH ZAREFSKY
                                                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28